Prepared by State Reporter from Appeal Papers

enjoin the defendant from voting as a member of the city council of the city of Saratoga Springs. The commissioner of public safety, who was by law a member of the council, having resigned, defendant, as his deputy, claimed the right to sit and vote in the council in his place and stead.

The following questions were certified:

" 1. Does plaintiff's complaint herein state a cause of action?

" 2. Has the defendant, Gorman, a right to vote in the City Council of the City of Saratoga Springs until such time as a new Commissioner of Public Safety be chosen? "

*Spencer B. Eddy* for appellant.
*Benjamin K. Walbridge* for respondent.

Order affirmed, with costs; first question certified answered in the affirmative, second question in the negative. Held, that under the wording of the charter of the city of Saratoga Springs, the deputy of the commissioner of public safety does not succeed upon the resignation of a commissioner to the duties of such commissioner as a member of the council.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMPIRE CITY SUBWAY COMPANY (LIMITED), Respondent, *v.* STATE TAX COMMISSION, Appellant.

THE CITY OF NEW YORK, Appellant.

(Two proceedings.)

*Tax — franchise tax — valuation of special franchises.*

*People ex rel. Empire City Subway Co. v. State Tax Comm.* (2 cases), 218 App. Div. 819, affirmed.

(Argued May 3, 1927; decided May 31, 1927.)

APPEAL, in each of the above-entitled proceedings, by permission, from an order of the Appellate Division of

the Supreme Court in the first judicial department, entered December 3, 1926, which affirmed an order of Special Term reducing, on certiorari, assessments for taxation of special franchises, levied against the relator. Its property consisted almost entirely of electrical subways and conduits maintained and operated under the streets of the boroughs of Manhattan and The Bronx. The State Tax Commission in its return to the writs certified that " the valuation of the special franchise was made in gross and as a whole after considering separately, as elements in arriving at said valuation, both the intangible right or privilege to occupy and use the streets, highways and public places for the business purposes for which the special franchise in question was granted, and the value of the tangible property located therein and used in connection therewith." The Special Term held that the " net earnings rule " was the method best adapted to arrive at a correct valuation.

*Albert Ottinger*, Attorney-General (*Robert S. Conklin* of counsel), for State Tax Commission, appellant.

*George P. Nicholson*, Corporation Counsel (*William H. King* and *Joseph A. Dodin* of counsel), for city of New York, appellant.

*Edward W. Beattie*, *James F. McIvor* and *Charles T. Russell* for respondent.

Order in each proceeding affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.